Olson v. Farnsworth.

---

PETER E. OLSON, APPELLANT, v. EDWARD T. FARNSWORTH, APPELLEE.

FILED DECEMBER 18, 1914.  No. 17,941.

1. **Appeal: NEW TRIAL: DISCRETION OF COURT.**  An order of the district court setting aside a verdict and granting a new trial will not be reversed, unless the record shows an abuse of discretion on the part of the trial court.

2. **Attorney and Client: COMPENSATION.**  Under ordinary circumstances, an attorney who has contracted with his client as to the amount of his compensation for a specified service will not be allowed to contract for greater compensation for such service while the service is being rendered.

3. **Accord and Satisfaction.**  When there is in good faith a controversy between the parties as to the amount due upon settlement, and a compromise is agreed upon by which each party yields a substantial part of the amount to which he in good faith claims he was entitled, and payment is made accordingly, which is received as full settlement, it will amount to an accord and satisfaction.

4. **Appeal: CONFLICTING EVIDENCE.**  The verdict of a jury upon conflicting evidence is conclusive, unless upon the whole record it appears to be clearly wrong.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE.  *Affirmed.*

*McKenzie & Cox* and *Tinley, Mitchell & Pryor,* for appellant.

*Smyth, Smith & Schall, contra.*

BARNES, J.

This action was commenced in the district court for Douglas county to recover a balance alleged to be due to plaintiff from his former attorney in the division of a sum of money collected by the defendant on a judgment obtained against the Nebraska Telephone Company and the Omaha Electric Light & Power Company in favor of the plaintiff.

It was alleged by the plaintiff that he had a contract with the defendant to prosecute his case against the two companies above named for 35 per cent. of the amount recovered by him, and if he was defeated, then defendant should have nothing for his services; that defendant took 50 per cent. of the amount recovered by plaintiff. The plaintiff prayed for a judgment for $1,607.63.

The defendant admitted that, before he commenced plaintiff's action against the aforesaid companies, they entered into a contract by which he was to have 35 per cent. of the amount recovered, but alleged that, after the plaintiff's action was tried the first time in the district court for Douglas county, which trial resulted in verdicts and judgments against the plaintiff, it was agreed between them that, if defendant would loan plaintiff a sufficient amount of money to enable him to prosecute an appeal to the supreme court, and would perform the necessary legal services, and advance the expense for printing the briefs and other necessary expenses, defendant should have 50 per cent. of the amount recovered, and, if they were defeated, then the defendant should have nothing, and plaintiff should repay to him the amount of money loaned and advanced by him in prosecuting the action. Defendant further alleged that he recovered a judgment for plaintiff, and collected as payment thereof the sum of $10,717.50; that when they came to divide the money a dispute arose between them as to the amount defendant should retain for his services; that the dispute was settled, and plaintiff thereupon received and accepted from the defendant the sum of $5,358.75, and plaintiff gave the defendant a re-

ceipt for that amount in full settlement of their several claims.

Plaintiff, by his reply, denied the allegations of the answer, and upon the issues thus presented the cause was tried the first time to a jury, and the plaintiff had the verdict. A motion for a new trial was sustained, and on a second trial the jury disagreed. On the third trial the defendant had the verdict, on which a judgment was rendered in his favor, and the plaintiff has appealed.

Appellant's first contention is that the trial court erred and was guilty of an abuse of discretion in setting aside the verdict of the jury on the first trial of his cause, and it is argued that the evidence was amply sufficient to sustain the verdict in plaintiff's favor. The record, so far as it relates to this question, shows that the judge before whom the cause was tried the first time gave due consideration to the motion for a new trial, and in the exercise of a sound judicial discretion sustained it. It is a well-settled rule that the court has a large discretion in the matter of granting new trials, which will not be interfered with, unless it is clearly shown that some legal right of the party against whom the order for a new trial is made has been disregarded. *Sang v. Beers,* 20 Neb. 365; *Tingley v. Dolby,* 13 Neb. 371; *Bigler v. Baker,* 40 Neb. 325; *Hackney v. Raymond Bros. Clarke Co.,* 68 Neb. 624; *Weber v. Kirkendall,* 44 Neb. 766. As we view the record, plaintiff has failed to show that the court abused his discretion in sustaining the motion.

Plaintiff's second assignment of error is that the allegations in the defendant's answer were insufficient to constitute a defense to plaintiff's cause of action, and therefore the court erred on the third trial in overruling plaintiff's objection to the introduction of any evidence on behalf of the defendant. This assignment of error is argued at great length in the appellant's brief. It may be conceded that under ordinary circumstances an attorney will not be allowed to contract with his client for an increase of compensation for a specified service. The defendant's answer, however, contained a plea of accord and satisfac-

tion, and this was sufficient to require the trial court to overrule the objection, and, if the evidence was conflicting on that point, the court would be required to submit the cause to the jury.

The third and last assignment of error is that the evidence adduced by the defendant was insufficient, if true, to constitute any defense to plaintiff's cause of action, and the court erred in overruling plaintiff's motion for a directed verdict. The testimony discloses that, when the contract was first made between the parties, it was contemplated that a settlement of plaintiff's cause of action against the Telephone and Electric Light Companies would be made. No settlement was effected, and plaintiff's cause of action was twice tried in the district court for Douglas county. The first trial resulted adversely for the plaintiff. His motion for a new trial was overruled, and an appeal was taken to the supreme court, where the judgment was reversed. A second trial in the district court resulted in a verdict and judgment for the plaintiff, and on an appeal to the supreme court the judgment was affirmed. Thereafter the defendant collected the full amount of the judgment, with interest, amounting to $10,717.50. Afterwards, when the parties attempted to divide the proceeds of the litigation, they met at the United States National Bank, where the money was deposited, and the plaintiff claimed that under the terms of their contract he was to receive 65 per cent. of the whole amount collected. The defendant insisted that they had made a subsequent agreement; that after the plaintiff was defeated in the district court, and had informed the defendant that he had no money with which to continue the litigation, the defendant agreed to loan him the necessary funds, which plaintiff was to repay in any event, and defendant was to have 50 per cent. of the recovery. A dispute also arose between them as to the amount which should be paid to the physician who had treated the plaintiff for his injuries. Thereupon they went to the office of the physician, where the matter was adjusted, and plaintiff agreed that the defendant should pay the physician the sum of $100. This was

done, and the physician's receipt was taken therefor. They then returned to the bank, and after they had talked over the matter the defendant offered to pay the plaintiff one-half of the amount of the recovery, thereby waiving his right to the repayment of the money loaned to plaintiff, and also the amount that the plaintiff had authorized him to pay the physician. The amount the defendant tendered to the plaintiff was $5,358.75, or exactly 50 per cent. of the amount of money collected. It appears that the plaintiff accepted this amount, and gave the defendant the following receipt:

"Omaha, Neb. Jan. 14, 1911. Rec'd of E. T. Farnsworth the sum of fifty-three hundred fifty-eight 75/100 dollars in full proceeds of Olson v. Nebr. Tel. Co. P. E. Olson."

That thereupon the parties went to a restaurant, had their dinner, and afterwards walked some distance together upon the street, and, so far as the evidence discloses, they then parted in a friendly manner.

The plaintiff by his testimony denied that he ever entered into any agreement with the defendant by which defendant was to have 50 per cent. of the amount recovered in his case, but admitted that he was unable to provide the funds to carry on the litigation, and that defendant advanced the money to him for that purpose. He admitted, also, that when they came to divide the proceeds of the litigation a disagreement arose between them over the amount the defendant should retain, and also over amount to be paid to the physician. He testified, however, that defendant refused to pay him the money unless he would sign a receipt in full therefor, and that he signed the receipt without reading it; that he did not know what it contained, and that he never intended to accept the money paid him by the defendant as a full settlement. He made no explanation of why he did not read the receipt, except that it was poorly written and hard to read. He did not claim that he was not able to read writing, and his testimony on cross-examination disclosed that he well knew what the receipt contained.

The defendant, on the other hand, testified that he read the receipt in full to the plaintiff before the plaintiff signed it; that the plaintiff also read it, and after it was signed the defendant paid him the money; that nothing was said between them about withholding the money unless the plaintiff signed the receipt.

Upon this conflicting evidence, the cause was submitted to the jury, and a verdict was returned for the defendant. We are of opinion that the evidence sustains the verdict. The plaintiff at that time understood the situation fully, and was contending that the defendant proposed to withhold more of the proceeds of the litigation than he was entitled to. The defendant, on the other hand, was insisting that he was entitled, not only to 50 per cent. of the money collected, but should be reimbursed for the amount advanced to the plaintiff to enable him to carry on the litigation, and also for the amount which was paid by him to the physician. The result of that dispute was that defendant tendered to the plaintiff $5,358.75. The plaintiff took that amount, and gave his receipt therefor in full settlement. In this settlement the parties were dealing with each other at arm's length, and the transaction, if the jury believed the defendant, amounted to an accord and satisfaction.

The judgment of the district court is

AFFIRMED.

LETTON, ROSE and FAWCETT, JJ., not sitting.