FARMLAND SERVICE COOP., INC., A COOPERATIVE CORPORATION, APPELLANT, v. ROBERT JACK ET AL., APPELLEES.

242 N. W. 2d 624

Filed May 26, 1976. No. 40572.

Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

Stewart & Stewart, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action for damages for breach of contracts to sell corn. The plaintiff is a cooperative company which is engaged in the marketing of grain and operates an elevator at Gothenburg, Nebraska. The defendants operate farms in Frontier County, Nebraska.

On May 1, 1973, the defendants agreed to sell 40,000 bushels of No. 2 grade yellow corn to the plaintiff at $1.45 per bushel for delivery between May 1, 1973, and August 31, 1973. On May 2, 1973, the defendants agreed to sell an additional 40,000 bushels of No. 2 grade yellow corn to the plaintiff on the same terms.

During May and June of 1973, the defendants delivered approximately 17,000 bushels of corn to the plaintiff. Late in June the defendants notified the plaintiff they would not deliver any more corn under their contracts. The defendants stated they had received bad advice from the plaintiff's elevator manager and the contract price was too cheap. The contracts had been made orally and there was no memorandum of any kind signed by the defendants.

On June 26, 1973, there was a meeting at the office of the plaintiff's attorney. The elevator manager and the defendants were present together with the plaintiff's attorney and the defendants' attorney. The defendants offered to deliver the balance of the corn due under the first contract if the plaintiff would agree to a cancellation of the second contract. The plaintiff's attorney requested time to research the legal questions involved.

On June 28, 1973, the elevator manager wrote a letter to the defendants, on the letterhead of the plaintiff's attorney, stating as follows: "The Gothenburg Co-Op elevator will haul 23,000 bushels of your corn for $1.45 a bushel less freight charges from June 29th through the month of July." At the bottom of the letter there was a blank line for the signature of the defendants to acknowledge they had received the letter. Willard Jack acknowledged receipt of the letter and returned a signed copy to the plaintiff.

The defendants delivered an additional 23,000 bushels of corn to the plaintiff in July. On October 9, 1973, the general manager of the plaintiff wrote to the defendants and demanded performance of the second contract. The defendants refused to perform the second contract.

The trial court found there had been an accord and satisfaction between the parties and sustained the defendants' motion for a summary judgment. The plaintiff has appealed.

An accord and satisfaction is an agreement to discharge an existing indebtedness by the rendering of some performance different from that which was claimed due. The acceptance by the claimant of the substituted performance in full satisfaction of the claim discharges the indebtedness. United States v. Aetna Cas. & Sur. Co., 480 F. 2d 1095. An executed compromise settlement of a good faith controversy is an accord and satisfaction. Olson v. Farnsworth, 97 Neb. 407, 150 N. W. 260.

The evidence before the trial court in this case showed that the defendants had agreed to sell 80,000 bushels of corn to the plaintiff but a dispute arose after 17,000 bushels had been delivered. At the conference on June 26, 1973, the defendants offered to deliver an additional 23,000 bushels to the plaintiff in full satisfaction of both contracts. The elevator manager claimed that he did not accept the offer on that date, but it is undisputed that the letter stating the plaintiff would haul 23,000

bushels of the defendants' corn at the contract price from June 29 through the month of July and signed by the elevator manager was sent to the defendants several days later. This letter was an acceptance of the defendants' offer made on June 26, 1973. The offer and acceptance followed by performance of the agreement constituted an accord and satisfaction.

The plaintiff suggests there was no consideration for the agreement. The settlement of the dispute between the parties was a sufficient consideration for the agreement. Furthermore, a modification of a sales contract may be made without consideration under the Uniform Commercial Code. § 2-209, U. C. C.

The record in this case shows there was no genuine issue as to any material fact and the defendants were entitled to judgment as a matter of law. The defendant's motion for summary judgment was properly sustained.

The judgment of the District Court is affirmed.

AFFIRMED.