284 N.W.2d 846 (1979)
204 Neb. 664
HIGH-PLAINS COOPERATIVE ASSOCIATION, Appellant,
v.
Jerry L. STEVENS, Appellee.
No. 42359.
Supreme Court of Nebraska.
October 30, 1979.
*848 H. L. Jackman and R. H. Roberts, Grant, and Girard & Gale, North Platte, for appellant.
Padley & Dudden, P. C., Ogallala, for appellee.
Heard before KRIVOSHA, C. J., and BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE and HASTINGS, JJ.
BOSLAUGH, Justice.
This was a suit on an open account for fertilizer, chemicals, and other agricultural supplies sold to the defendant, Jerry L. Stevens, by the plaintiff, High-Plains Cooperative Association. The jury returned a verdict for the defendant and the plaintiff has appealed. The principal assignments of error relate to the sufficiency of the evidence to sustain the verdict, an evidentiary ruling by the trial court, and the instructions to the jury.
The evidence shows that the defendant farms near Grant, Nebraska. Since sometime in the late 1960's the defendant has done business with the plaintiff. In December 1975, the manager of the plaintiff, Robert Ryland, talked to the defendant about purchasing all of his fertilizer and chemicals for the 1976 season from the plaintiff. As an inducement to the defendant, Ryland told the defendant that if the purchases were "booked" in 1975, the defendant would receive a cash dividend in 1976 from the materials used during that year. The defendant finally agreed to a "booking" in the amount of $52,000, which represented chemicals and fertilizer purchased by the defendant to be delivered by the plaintiff in 1976.
Starting in August or September 1976, Ryland asked the defendant for a payment on his account. The defendant claimed that he had not received itemized statements of his account and asked for such a statement. During this time the defendant had submitted several claims against the plaintiff. The plaintiff had submitted the claims to its insurance carrier, which had refused payment. On November 18, 1976, and again on January 11, 1977, the defendant and Ryland had a conversation at Ryland's office concerning the account and some of the matters which the defendant was complaining about.
On January 18, 1977, the defendant delivered a 4-page letter and check in the amount of $25,000 to Ryland. The letter discussed the complaints which the defendant had against the plaintiff and stated that the check was to be used for "complete settlement" of the defendant's accounts with the plaintiff. The plaintiff cashed the check and applied $10,271.90 of the proceeds to pay the defendant's Southwestern Farms, Inc., account in full and applied the balance of $14,728.10 to the defendant's *849 account in his own name. This action was commenced on February 3, 1977. The plaintiff claimed the defendant was indebted to it in the amount of $61,959.58.
The principal issue is whether the $25,000 payment to the plaintiff on January 18, 1977, was an accord and satisfaction that discharged the defendant's debt to the plaintiff. An accord and satisfaction is an agreement to discharge an existing indebtedness by the rendering of some performance different from that which was claimed due. The acceptance of the substituted performance in full satisfaction of the claim discharges the indebtedness. Farmland Service Coop., Inc. v. Jack, 196 Neb. 263, 242 N.W.2d 624. It is essential that there be a bona fide dispute between the parties, that the substituted performance be tendered in full satisfaction of the claim, and that the tendered performance be accepted. An executed compromise settlement of a good faith controversy is an accord and satisfaction.
The evidence shows that there were a number of disputed items between the parties. The defendant claimed that Ryland, the plaintiff's manager, had told him that his cash dividend in 1976 would be approximately $20,000. The actual dividend which was applied to the account was less than $3,000. The defendant further claimed that a large part of the fertilizer, which the plaintiff claimed had been delivered to the defendant and applied to his fields, had in fact not been delivered. The defendant also claimed that the plaintiff did not furnish and apply chemicals to his fields in accordance with their agreement; that some were never applied and the defendant had to make other arrangements; and that others were applied improperly or at the wrong time, with the result that the defendant had to hire hand labor to weed some of the fields. The defendant made adjustments to the account for these items and arrived at the $25,000 figure which he tendered to the plaintiff on January 18, 1977.
The letter delivered with the check stated plainly in the first paragraph that the check was to be used in complete settlement of the defendant's accounts to the plaintiff. It is undisputed that the plaintiff accepted the check, cashed it, and appropriated the proceeds.
In regard to the authority of Ryland to accept a compromise settlement of a disputed account, there was evidence that soon after Ryland had been employed as manager by the plaintiff he had negotiated the settlement of a disputed account with the defendant.
The evidence was conflicting and there were many questions of fact to be resolved by the jury. The defendant's evidence was sufficient, if believed, to permit the jury to find that the defendant's indebtedness to the plaintiff was discharged by the $25,000 payment and that Ryland had at least apparent authority to bind the plaintiff to the settlement.
The evidentiary rulings in dispute concerned an attempt by the plaintiff to cross-examine the defendant as to whether an attempt to settle an $86,959.58 debt for $25,000 was unconscionable. The questions were argumentative in nature, the defendant having already testified as to how he computed the amount he believed he owed the plaintiff. The rulings in question were not erroneous.
In instruction No. 2 the trial court summarized the issues and advised the jury concerning the burden of proof. The instruction stated in part that before the plaintiff could recover it must prove that during the period from May 24, 1975, to January 29, 1977, the plaintiff sold and delivered various goods and fertilizer to the defendant; that the selling and delivering were furnished under circumstances that raised an implied promise that the plaintiff would receive compensation therefor; the fair and reasonable value, if any, of any selling and delivering of goods and fertilizer; and the amount, if any, now due and unpaid for such selling and delivering.
The plaintiff contends that instruction No. 2 was erroneous because, if the plaintiff failed to prove any necessary element as to *850 any item in the account, the jury was required to return a verdict against the plaintiff as to the entire account. The instruction was not subject to that construction. In effect, the jury was advised it must find the fair and reasonable value of the goods sold and delivered to the defendant by the plaintiff. There was no direction that the plaintiff could not recover anything unless each item claimed was proved in full.
Instruction No. 8 defined accord and satisfaction. The jury was advised that in order for there to have been an accord and satisfaction there must have been a bona fide dispute over the amount claimed, followed by a meeting of the minds in which the parties intended and agreed that the payment and receipt of the check for $25,000 would be in full consideration for, and satisfaction and payment of, the account, and that in pursuance of the agreement the check was so paid and received. The plaintiff contends that the instruction was erroneous because it failed to instruct the jury with regard to the rule as to an account stated. A requested instruction submitted by the plaintiff stated in part that an account rendered which is not objected to within a reasonable time is regarded as correct.
The evidence in this case shows that the statements submitted to the defendant included the $52,000 booking, although it was understood by the parties that in fact some items included in this amount were not delivered to the defendant. In attempting to prove its case the plaintiff resorted to weight tickets, applicator reports, and other documents which had never been furnished to the defendant. The plaintiff conceded that the defendant was entitled to a credit in excess of $6,000 against the booking. The evidence in this case would not sustain a finding of an account stated and the trial court was not required to instruct in that regard. See, also, B. C. Christopher & Co. v. Danker, 196 Neb. 518, 244 N.W.2d 79.
The plaintiff further contends that the instruction was erroneous because it failed to advise the jury as to what would not be an accord and satisfaction. The plaintiff requested a number of instructions to that effect which were refused. It is the duty of the trial court to instruct the jury upon the issues presented by the pleadings and the evidence. In this case it was the duty of the trial court to instruct the jury as to the elements of an accord and satisfaction. This was done by instruction No. 8. There was no duty to instruct the jury as to what would not be an accord and satisfaction. See 88 C.J.S. Trial § 303, p. 819. Where the trial court has instructed the jury affirmatively upon the issues presented by the pleadings and the evidence, it is unnecessary to instruct in a negative form.
We have considered the other assignments of error and find that they have no merit.
The judgment of the District Court is affirmed.
AFFIRMED.