JIM PETERSON, APPELLEE, V. DENNIS P. KELLNER, APPELLANT.
513 N.W.2d 517

Filed April 1, 1994.   No. S-92-1035.

Thomas L. Morrissey, of Morrissey, Morrissey & Dalluge, for appellant.

Steven J. Mercure, of Nestor and Mercure, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

LANPHIER, J.

The plaintiff-appellee, Jim Peterson, sued the defendant-appellant, Dennis P. Kellner, for the claimed balance due for the lease of pastureland to the appellant lessee, who contended that an accord and satisfaction had been reached. The county court for Johnson County awarded the appellee "$1,600.00 together with prejudgment interest from October 12, 1990 through [May 14, 1992,] and costs of $38.48." On appeal to the district court, the county court's judgment was affirmed.

The appellant contends that the district court should have reversed the judgment of the county court, because the county court failed to find in the appellant's favor that an accord and satisfaction had been reached. However, since there was no meeting of the minds in regard to the alleged accord and satisfaction, we affirm that part of the judgment of the district court.

The appellant also contends that the award of prejudgment interest was improper. Although the appellant failed to assign this as an error on appeal to the district court, we note that it was plain error to award prejudgment interest where the requirements of Neb. Rev. Stat. § 45-103.02 (Reissue 1988) were not complied with. We, therefore, reverse the district court's judgment with respect to the award of prejudgment interest.

## BACKGROUND

On May 10, 1990, the parties entered into a written lease agreement whereby the appellant lessee would rent 240 acres of pastureland from the appellee lessor. The agreement provided that the first half of the $7,200 rent would be paid on May 10, 1990. The second half would be due when the "cows and calves are taken from pasture." Although it was not a part of the writing, the appellant submits that the agreement required the appellee to make repairs of the fence surrounding the pasture. The appellee admitted to making some repairs on the fence and erecting an electric fence along one side of the pasture. The case proceeded on the basis of the contents of oral understandings and the written agreement.

On May 10, 1990, the appellant gave the appellee a check for $3,200. On or shortly after October 12, the appellant tendered a check to the appellee for $2,400 with the following memo: "Balance 1990 pasture rent." A letter delivered with the check stated: "This is the balance of the rent which equal's [sic] too [sic] $25.00 per acre. (Not $30.00) Since you did not fix no fence you agreed to fix." The appellee deposited both checks.

On October 22, 1990, the appellee's attorney sent the appellant a demand letter. On October 29, the appellant responded with a letter but no money. This action followed.

## STANDARD OF REVIEW

In reviewing a judgment awarded in a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Florist Supply of Omaha v. Prochaska*, 244 Neb. 776, 509 N.W.2d 209 (1993).

## ACCORD AND SATISFACTION

The appellant contends the district court should have reversed the judgment of the county court, because the county court failed to find that an accord and satisfaction had been reached. The record before us merely shows that the appellant pled the defense of accord and satisfaction. However, given the general verdict, we conclude that the county court determined there was no accord and satisfaction. See *Havelock Bank v. Woods*, 219 Neb. 57, 361 N.W.2d 197 (1985), *overruled on other grounds, Nielsen v. Adams*, 223 Neb. 262, 388 N.W.2d 840 (1986) (in a trial without a jury, trial court's entry of judgment in favor of a certain party warrants the conclusion that the trial court found in his favor on all issuable facts).

An accord and satisfaction is an agreement to discharge an existing indebtedness by the rendering of some performance different from that which was claimed due. *High-Plains Cooperative Assn. v. Stevens*, 204 Neb. 664, 284 N.W.2d 846 (1979). To constitute accord and satisfaction, there must be (1) a bona fide dispute between parties, (2) substitute performance tendered in full satisfaction of the claim, and (3) acceptance of the tendered performance. *Mahler v. Bellis*, 231 Neb. 161, 435 N.W.2d 661 (1989).

We have stated that the principal questions in determining whether a discharge by accord and satisfaction has taken place are: (1) Did the parties in fact agree that the performance rendered should operate as a final discharge and satisfaction? (2) Does that performance constitute a sufficient consideration for a return promise or for a discharge? See *Schulze v. Jensen*, 191 Neb. 253, 214 N.W.2d 591 (1974). The question of whether a payment rendered by the obligor, and later asserted to be in

satisfaction, was so tendered to the claimant that he knew or should have known that it was tendered in full satisfaction is a question of fact. *Id.*

The trial court made no specific findings of fact and was not requested to do otherwise. The court rendered a general verdict; therefore, we conclude that the trial court resolved this issue in favor of the appellee. See *Havelock Bank v. Woods, supra.*

The evidence adduced at trial on this issue shows that the appellee received a check from the appellant in the amount of $2,400. On that check was written "Balance 1990 pasture rent." Along with that check, the appellee received a letter from the appellant stating that the "balance of the rent," the equivalent of $25 per acre, was going to be paid instead of the $30 per acre agreed upon. The check and the letter are in conflict. According to the letter, the appellee could expect to receive the balance of rent totaling $25 per acre, or $6,000. However, the $2,400 check tendered as the balance due, when considered with the previous rent check of $3,200, was equal to total rent of $5,600, only $23.33 per acre.

When we consider this evidence in the light most favorable to the appellee and give the appellee the benefit of every reasonable inference deducible from the evidence, we conclude that the record would support a conclusion by the trial court that the appellee did not know, nor should he have known, that the $2,400 check was tendered in full satisfaction of the debt. The appellant was obviously offering to strike an accord, but the terms of that accord were uncertain.

The terms of the accord being uncertain, there could be no meeting of the minds, thus, no accord and satisfaction. See *Cox v. Rippe*, 146 Neb. 309, 19 N.W.2d 514 (1945) (absent evidence of a meeting of the minds, there was no accord and satisfaction.) A determination by the county court that there was no accord and satisfaction must therefore be upheld. The district court's affirmance was therefore proper.

## PREJUDGMENT INTEREST

Appellant argues that the judgment awarded by the county court and affirmed by the district court erroneously included prejudgment interest. Although this issue was not raised on

appeal to the district court, from our review of the record in this matter, we note plain error with respect to the award of prejudgment interest.

In order to receive prejudgment interest in a cause of action accruing after January 1, 1987, as is the case here, a litigant must comply with the requirements of § 45-103.02. See *Sayer v. Bowley*, 243 Neb. 801, 503 N.W.2d 166 (1993). Section 45-103.02 provides in relevant part:

[J]udgment interest shall also accrue on decrees and judgments for the payment of money from the date of the plaintiff's first offer of settlement which is exceeded by the judgment until the rendition of judgment if all of the following conditions are met:

(1) The offer is made in writing upon the defendant by certified mail, return receipt requested, to allow judgment to be taken in accordance with the terms and conditions stated in the offer;

(2) The offer is made not less than ten days prior to the commencement of the trial;

(3) A copy of the offer and proof of delivery to the defendant in the form of a receipt signed by the party or his or her attorney is filed with the clerk of the court in which the action is pending; and

(4) The offer is not accepted prior to trial or within thirty days of the date of the offer, whichever occurs first.

The record contains no evidence that these provisions were complied with. Therefore, the award of prejudgment interest was erroneous, and we reverse that part of the district court's judgment.

## CONCLUSION

The county court's implicit determination that there was no accord and satisfaction is supported by the record under our standard of review. We, therefore, affirm that part of the district court's judgment upholding the county court's judgment for $1,600. However, the county court's award of prejudgment interest and the district court's affirmance thereof were erroneous, and we reverse the judgment to that extent.

AFFIRMED IN PART, AND IN PART REVERSED.