**STATE of Minnesota, Respondent,**

**v.**

**Bobbie Jo VOLKER, Appellant.**

**No. C3–91–313.**

Court of Appeals of Minnesota.

Nov. 26, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Scott A. Hersey, Isanti County Atty., Stephen J. Anderson, Asst. County Atty., Cambridge, for respondent.

John M. Stuart, State Public Defender, Lawrence Hammerling, Deputy State Public Defender, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., PETERSON, and LOMMEN,* JJ.

## OPINION

HUSPENI, Judge.

Appellant alleges the trial court denied her due process right to a fair trial when it granted $400 in expert witness fees and denied a second motion for the full $1,000 in fees. We affirm.

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

Appellant Bobbie Jo Volker lost control of her vehicle and landed in a ditch. The officer investigating the scene observed that appellant smelled of alcohol and had blood-shot eyes and slurred speech. Appellant consented to, and failed, the initial breath test. The officer then took appellant into custody and transported her to the law enforcement center where she took field sobriety tests. In a series of Intoxilyzer tests, the readings were .130, .132, .119, and .123. The reported result of appellant's blood alcohol content was .11, and she was charged with three counts of driving while under the influence of alcohol.

In preparing for trial, appellant sought an award of $1,000 in fees from the trial court to retain a specific Intoxilyzer expert. In affidavits in support of the fees, appellant stated that the fees were "necessary" to her defense. The trial court found these affidavits inadequate to show a specific need for the expert. The court granted appellant $400 in consultation fees and instructed her to submit a more detailed affidavit describing the necessity for the expert's services to her defense.

Appellant took no further action on the issue until the day of trial when she brought a second motion for the full $1,000 in fees. Appellant submitted the expert's affidavit which stated he "could possibly be helpful to the defense." Finding no evidence of "necessity," the trial court denied appellant's motion as untimely, and the trial proceeded.

The jury found appellant guilty of driving while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1(a), (d), (e) (1990).

## ISSUE

Did the trial court deny appellant her right to a fair trial when it authorized only $400 in expert witness fees under Minn. Stat. § 611.21 (1990)?

## ANALYSIS

■ The determination of expert witness fees is a matter within the discretion of the trial court. *In re Jobe*, 477 N.W.2d 723, 726 (Minn.App.1991).

The constitutions of the United States and the State of Minnesota guarantee a criminal defendant the rights to due process and a fair trial. U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. Pursuant to that guarantee, the United States Supreme Court has ruled that an indigent defendant's right to a fair trial includes the right to fees for transcripts and court records, *Griffin v. Illinois*, 351 U.S. 12, 19–20, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956), the right to counsel, *Gideon v. Wainright*, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963), and the right to a psychiatric examination, *Ake v. Oklahoma*, 470 U.S. 68, 74, 105 S.Ct. 1087, 1091–92, 84 L.Ed.2d 53 (1985).

The basis for the state's assistance to an indigent defendant is rooted in the belief that:

> A criminal trial is fundamentally unfair if the state proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense. * * * [F]undamental fairness entitles indigent defendants to "an adequate opportunity to present their claims fairly within the adversary system."

*Ake*, 470 U.S. at 77, 105 S.Ct. at 1093 (quoting *Ross v. Moffitt*, 417 U.S. 600, 612, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974)). Consistent with that policy, Minnesota allows an indigent defendant to request funding from the trial court for necessary expert witness services. Minn.Stat. § 611.21 (1990) provides that the court shall authorize expert witness fees "[u]pon finding * * * that the services are necessary and that the defendant is financially unable to obtain them."

■ Appellant alleges the trial court denied her a fair trial when it allocated $400 in expert fees and denied her motion for the full $1,000 authorized by section 611.21. We cannot agree. The state must assist a defendant in carrying the burden of going forward, not in carrying the burden of proof. *See Ake*, 470 U.S. at 76–77, 105 S.Ct. at 1092–93; Minn.Stat. § 611.21.

Because appellant qualified for a public defender it is undisputed that she lacked the finances to pay the expert's fees. In order to find the fees warranted, however, the trial court must have some specific evidence that the expert's testimony was necessary to appellant's defense. Twice in her affidavits, appellant stated that "the services of * * * an Intoxilyzer 5000 expert are necessary to an adequate defense." Without substantiation, this statement has little impact. It does not answer the questions: Why is the expert necessary? How would the expert's testimony aid in appellant's defense? Appellant failed to provide that specific information in her affidavits.

The trial court gave appellant the opportunity to consult with the expert and evaluate her defense early in the case when it granted her $400 in fees. At the same time, the court instructed appellant to submit a subsequent affidavit to the court which explained how the expert would be necessary to her defense. Appellant failed to follow those guidelines and, indeed, never delineated with any specificity how the Intoxilyzer expert would have aided in her defense. This record on appeal demonstrates that the court offered appellant the raw materials, the tools, and the opportunity to construct a sound defense. However, appellant failed to use them. The trial court's denial of additional fees was thus a proper exercise of its discretion.

Appellant argues that, under *Ake*, she did not need to elaborate on the need for or nature of the expert's testimony. Again, we disagree. In *Ake*, 470 U.S. at 82–83, 105 S.Ct. at 1096, the Supreme Court held that when the defendant is

> able to make an ex parte threshold showing to the trial court that his sanity is likely to be a significant factor in his defense, the need for the assistance of a psychiatrist is readily apparent.

Thus, *Ake* requires a threshold showing of "need" for expert assistance. The defendant in *Ake* was mentally ill, had exhibited perverse behavior to the court, had undergone psychiatric evaluation and treatment, and intended to raise insanity as a defense. *Id.* at 71, 105 S.Ct. at 1090. The court found that those facts warranted appointment of a psychiatrist to assist in Ake's defense. *Id.* at 82–83, 105 S.Ct. at 1096. In contrast, appellant has not yet demonstrated her need for expert witness testimony as required by the trial court. Even assuming the trial court determined that appellant had met some minimal threshold showing of need when it initially granted her $400 for expert consultation, the record clearly shows that the court instructed appellant to demonstrate with specificity how the expert would be necessary to her defense. Throughout the proceedings, appellant has failed to follow that instruction. She has not alleged any weaknesses or faults in testing which would have called into question the validity of the Intoxilyzer results.

## DECISION

When appellant merely stated that expert witness testimony was "necessary" to her defense but gave no specific reasons, the trial court did not abuse its discretion or deny appellant her right to a fair trial by granting her $400 in expert witness fees and denying her motion for the full amount authorized by law.

Affirmed.