STATE OF NEBRASKA, APPELLEE, V.
CHARLIE BUSH, JR., APPELLANT.
576 N.W. 2d 177

Filed March 20, 1998.   No. S-97-018.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, GERRARD, STEPHAN, and McCORMACK, JJ.

STEPHAN, J.

Charlie Bush, Jr., appeals his conviction for operating a motor vehicle while his operator's license was suspended, in violation of Lincoln Mun. Code § 10.16.060 (1993). In affirming the conviction, the Nebraska Court of Appeals held that the inclusion of the municipal ordinance used to charge Bush, as it appeared in the certified transcript, was insufficient to permit its consideration by the appellate court under the "ordinance rule" articulated in *State v. Buescher*, 240 Neb. 908, 485 N.W.2d 192 (1992). We granted the parties' joint petition for further review of this issue.

On January 8, 1996, Officer Cindy Arthur of the Lincoln Police Department cited Bush for operating a motor vehicle

while his operator's license was suspended, second offense, in violation of § 10.16.060. At a bench trial on June 6, Arthur, a narcotics investigator and 17-year veteran of the Lincoln Police Department, testified that at approximately 4:30 p.m. on January 8 she observed Bush driving a black and gray Cadillac in Lincoln, Nebraska. Arthur further testified that on a prior occasion she stopped Bush and found marijuana in his vehicle and that, therefore, she felt there was a "good possibility" Bush had illegal drugs in the Cadillac. Arthur also testified that while following Bush on January 8, she contacted her dispatcher and learned that Bush's operator's license was suspended. When Bush parked the Cadillac in an alley, Arthur confronted him and, after identifying herself as a police officer, informed him that he was under arrest for driving while his license was suspended.

On cross-examination, Arthur denied any resentment over the fact that her prior arrest of Bush did not result in a conviction, but she admitted that she was "upset" about the proceeding because she felt someone had committed perjury. She also testified that while a uniformed officer arrived on the scene after she arrested Bush, she was the only officer who actually observed him operating the Cadillac.

Over defense objection, the court received in evidence a certified copy of Bush's driving record which disclosed that a suspension of his operator's license was in effect on January 8, 1996. After the prosecution rested, the court overruled Bush's motion to dismiss which was "based on a failure of evidence."

Tara Dawn Spence, Bush's girl friend and the mother of his child, testified that she did not see him driving on January 8, 1996, and that he was inside her apartment until late that morning when he went outside. One or two minutes after Bush left the apartment, Spence looked out her window and observed him standing near the parked Cadillac, talking to police officers. She stated that the Cadillac had been parked in her parking stall the entire day.

Testifying on his own behalf, Bush gave an account of the events of January 8, 1996, which differed sharply from Arthur's testimony. He denied operating the Cadillac on that day. He testified that he had left the apartment to retrieve a diaper bag from the Cadillac and that as he was returning to the apartment,

Arthur confronted him and requested permission to search the Cadillac. He declined, and an argument between the two ensued. Bush denied telling Arthur that he had been driving the Cadillac.

After the defense rested, Arthur was recalled to the stand and testified that she had asked Bush "why he was driving." She further testified that "[Bush] told [her] that he had just had to go pick up his car because it had been involved in an accident. . . . [H]e said it was a hit and run and he just had to pick the car up."

In his closing argument, Bush argued that Arthur's testimony should be discounted because of her alleged bias against Bush arising from their prior contact and that in view of the testimony of Bush and Spence, the evidence was insufficient to sustain a conviction. Upon consideration of the evidence and argument, the county judge ruled that Bush was guilty of operating a vehicle while his license was suspended. At a hearing on July 12, 1996, the court received evidence establishing a prior offense for driving under a suspended operator's license and sentenced Bush to 30 days' incarceration and a 2-year suspension of his operator's license. He was ordered to pay a fine of $500 and court costs.

Bush appealed his conviction and sentence to the district court for Lancaster County. His praecipe for transcript filed in the county court included a request for inclusion of the ordinance under which he was charged. A document designated "Lincoln Municipal Ordinance § 10.16.060" appears in the transcript certified by the clerk. The district court affirmed the conviction and sentence on December 11, 1996, and Bush perfected his appeal to the Court of Appeals. His sole assignment of error was insufficiency of the evidence to support the conviction.

The Court of Appeals affirmed the conviction in a memorandum opinion and judgment on appeal filed October 6, 1997. In its analysis, the Court of Appeals cited the established rule that an appellate court will not take judicial notice of a municipal ordinance not in the record, but assumes that a valid ordinance exists and that the evidence sustains the findings of the trial court. *State v. Buescher*, 240 Neb. 908, 485 N.W.2d 192 (1992); *State v. Lewis*, 240 Neb. 642, 483 N.W.2d 742 (1992). The Court of Appeals construed Nebraska law to require that the ordinance be included in the bill of exceptions and, therefore,

held that the inclusion of the ordinance in the transcript was insufficient to permit its consideration by an appellate court. The Court of Appeals concluded: "The law is clear that we may not consider alleged evidence contained in a transcript. The ordinance at issue is not in the bill of exceptions; thus, this court assumes a valid ordinance exists and the evidence sustains the findings of the district court." Noting that both parties considered inclusion of the ordinance in the transcript to be sufficient, the Court of Appeals stated:

> Even if we treat the position of the attorneys as a stipulation that the ordinance be treated as though it was included within the bill of exceptions, the evidence in the record requires the affirmance of this conviction. Officer Arthur testified that she observed Bush driving a motor vehicle, confirmed that his license was suspended, and arrested him. In effect, Bush argues that Officer Arthur's identification is unbelievable as a matter of law. However, in a bench trial, the court, as the trier of fact, is the sole judge of the credibility of the witnesses and weight to be given their testimony. *Sherrod v. State*, 251 Neb. 355, 557 N.W.2d 634 (1997). The county court judge believed the testimony of Officer Arthur and convicted Bush of driving under a suspended license. In reviewing a judgment in a bench trial, an appellate court does not reweigh evidence but considers the evidence in the light most favorable to the successful party. *Peterson v. Kellner*, 245 Neb. 515, 513 N.W. 2d 517 (1994); *Florist Supply of Omaha v. Prochaska*, 244 Neb. 776, 509 N.W.2d 209 (1993). The evidence, viewed in the light most favorable to the State, clearly supports the conviction.

The parties filed a joint petition for further review, assigning as error the finding by the Court of Appeals that "the city ordinance under which Mr. Bush was prosecuted was not 'in the record' for purposes of a review of the sufficiency of the evidence." We granted the petition and requested additional briefs directed to the issue of whether this court should overrule or modify the rule as stated in *State v. Buescher, supra*, regarding appellate review of the sufficiency of evidence to support a conviction under a municipal ordinance.

The parties are essentially in agreement with respect to this issue. Neither advocates that we overrule the long-established precedent articulated in *State v. Buescher*. Rather, they ask that we clarify the law regarding the appropriate manner of presenting the ordinance on appeal. Noting that Neb. Rev. Stat. § 25-2703 (Reissue 1995) requires cities and villages to maintain a current copy of their ordinances on file with the county court in order to prosecute complaints for violation of such ordinances, the parties argue that an appropriate method of placing the ordinance before an appellate court is to request that the clerk include a copy of the ordinance in the transcript prepared for appeal.

We find this argument both sensible and consistent with established law. What has become known as the "ordinance rule" was originally articulated in *Steiner v. State*, 78 Neb. 147, 150, 110 N.W. 723, 724 (1907), where we stated:

> This court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make them a part of the bill of exceptions, *or in some manner present them as a part of the record.*

(Emphasis supplied.) This language clearly suggests that inclusion in the bill of exceptions is not the exclusive means of placing an ordinance before an appellate court.

While we agree with the Court of Appeals that evidentiary matters must be included in the bill of exceptions in order to be considered on appeal, we do not regard a municipal ordinance as evidence in a prosecution based upon its alleged violation. In a prosecution before a county court, the ordinance creating the offense is not a matter of proof, but, rather, a statement of the applicable law which is available to the court by virtue of the fact that the ordinance is on file with the clerk pursuant to § 25-2703. The ordinance rule is simply a recognition of the practical reality that an appellate court cannot determine whether evidence is sufficient to sustain a conviction unless it has before it the ordinance defining the offense as well as the evidence upon which the conviction was based. There is no statutory requirement that cities and villages maintain their ordinances on file with the district or appellate courts; any such

requirement would require legislative action. Thus, the ordinance rule places responsibility upon an appellant to include the ordinance in the record which is transmitted to the appellate court.

We see no reason why this responsibility cannot be met by a praecipe requesting that a copy of the ordinance be included in the transcript prepared by the clerk of the county court when a notice of appeal is filed, as was done in this case. Such a procedure imposes no burden upon a defendant at trial and is consistent with the general rule that it is incumbent upon an appellant to present a record which supports the errors assigned. *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997); *Shuck v. Jacob*, 250 Neb. 126, 548 N.W.2d 332 (1996). Such presentation is necessary because "[m]eaningful appellate review requires a record that elucidates the factors contributing to the lower court judge's decision." *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. at 484, 558 N.W.2d at 53. Our rules provide that in addition to the pleadings, final order, and other documents filed with the trial court which must be included in the transcript, an appellant may request the clerk to include such other documents which are deemed "necessary for the proper presentation of the errors assigned" on appeal. Neb. Ct. R. of Prac. 4A(2) (rev. 1992). Thus, designation of the ordinance on file with the county court for inclusion in the transcript is both logical and appropriate.

We therefore hold that when considering an assignment of error claiming that evidence is insufficient to support a criminal conviction for violation of a municipal ordinance, or that the sentence imposed upon such conviction is excessive, an appellate court will take judicial notice of the ordinance creating the offense and specifying the penalties for violation if it is included in the certified transcript prepared by the clerk of the county court. Based upon our review of the evidence in this case, we agree with the Court of Appeals that, when considered in the light most favorable to the State, it is sufficient to support Bush's conviction for violation of § 10.16.060. The judgment of the Court of Appeals is therefore affirmed.

AFFIRMED.

CONNOLLY, J., participating on briefs.