STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLANT, V.
RICKY J. TURCO, APPELLANT AND CROSS-APPELLEE.
576 N.W. 2d 847

Filed March 24, 1998.   No. A-97-419.

Richard Register for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

MILLER-LERMAN, Chief Judge, and SIEVERS and INBODY, Judges.

INBODY, Judge.

## I. INTRODUCTION

Ricky J. Turco appeals his conviction and sentence for third-offense driving while under the influence of alcoholic liquor or drugs in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993). He appealed to the district court, claiming, among other things, that the county court erred in denying his motions to hire an expert witness and to exclude the breath test result, that the jury had insufficient evidence on which to base its finding of guilt, and that his sentence was excessive. The district court agreed that the county court erred in denying Turco's motions to hire an expert witness and to exclude the breath test result, but found that there was sufficient other evidence to support Turco's conviction and that his sentence was not excessive.

Turco has appealed to this court, contending that the district court erred in finding that there was sufficient evidence to support his conviction and that his sentence was not excessive. The State has cross-appealed, contending that the district court erred in finding that Turco's motions to hire an expert witness and to exclude the breath test result should have been granted by the county court. Although we disagree with some of the findings made by the district court, for the reasons set forth herein, we affirm the district court's order upholding Turco's conviction and sentence.

## II. STATEMENT OF FACTS

On August 7, 1995, Fremont police officer Robert Buer stopped Turco's vehicle for speeding in Fremont, Dodge

County, Nebraska. When Officer Buer made contact with Turco, he noticed that Turco's "words were mumbled," his speech was slurred, his face was flushed, and his eyes were watery and bloodshot. Officer Buer inquired if Turco had consumed any alcohol, to which Turco responded that he was returning to Fremont from Sioux City and that he had consumed several drinks in Sioux City. Officer Buer then asked Turco to perform several field sobriety maneuvers, and Turco's performance on all of them indicated signs of impairment. Officer Buer testified that in his opinion, Turco was under the influence of alcohol.

Officer Buer arrested Turco for driving while under the influence and took him to the Fremont Police Department to request a chemical test. After Turco was read the postarrest chemical test advisement form, or implied consent form, he was asked to submit to a chemical breath test. At first, Turco refused to take the breath test and asked several times to be given a blood test. Officer Buer advised Turco that he had to submit to a breath test before any other tests could be given. Eventually, Turco did submit to the breath test, which showed his blood alcohol level to be .112. The Intoxilyzer machine has a deviation allowance of 10 percent.

On August 14, 1995, a complaint was filed in Dodge County Court charging Turco with third-offense driving while under the influence, in violation of § 60-6,196, a Class W misdemeanor.

On August 21, 1996, Turco filed a motion to exclude use of the breath test for the reason that he was not allowed to obtain an independent blood test, as is his right pursuant to Neb. Rev. Stat. § 60-6,199 (Reissue 1993). A hearing on the motion to exclude was held on October 4, with only two witnesses testifying, Officer Buer and Turco.

Officer Buer testified that on August 7, 1995, he arrested Turco for driving while under the influence, then transported him to the Fremont Police Department. Once there, Officer Buer read Turco the postarrest advisement form and requested that Turco submit to a breath test. At first, Turco refused to take the breath test, asking to take a blood test instead. Officer Buer testified that he advised Turco that he had to submit to a breath test before any other tests could be given. Eventually, Turco did

submit to the breath test. After submitting to the breath test, Turco did not request that any other tests be taken.

Turco testified that he requested a blood test three or four times, but could not remember if any of those requests were made after he had submitted to a breath test. Turco also testified that he believed that he had requested that a blood test be performed and that Officer Buer was going to follow through on that request. After hearing this evidence, the county court denied Turco's motion to exclude the breath test evidence.

At the hearing on October 4, 1996, the county court also heard Turco's motion to hire an expert witness to testify. It was Turco's position that because his blood alcohol level was fairly low, he required an expert witness to challenge the accuracy of the Intoxilyzer machine and to testify concerning the machine's margin of error. The State contended that such an expert was not necessary because, pursuant to Department of Health regulations, the Intoxilyzer machine has to test within a 10-percent error factor; that the machine used in this case always tested much less than the 10-percent error factor; and that even given a 10-percent error factor, Turco's blood alcohol level would still be over the legal limit. After listening to counsels' comments, the court denied Turco's motion to hire an expert witness.

On October 10, 1996, the case proceeded to trial before a jury. Evidence was presented as previously set forth, and the breath test result was admitted into evidence without objection. The jury found Turco guilty of the charged offense. The court sentenced Turco to 12 months' imprisonment, ordered him to pay a $500 fine, and revoked/suspended his license for 15 years. Turco timely appealed to the Dodge County District Court. The district court found that Turco's breath test result should not have been admitted into evidence and that Turco's motion to hire an expert witness should have been granted; however, the court affirmed Turco's conviction and sentence because it found that the other evidence against Turco was sufficient to establish his guilt. Turco then timely appealed to this court.

### III. ASSIGNMENTS OF ERROR

We summarize Turco's assigned errors and the errors assigned by the State in its cross-appeal. In his appeal to both

the district court and this court, Turco assigned as error the trial court's denial of his motions to exclude the breath test result and to hire an expert witness. The district court ruled in Turco's favor on these assigned errors, and the State has filed a cross-appeal objecting to these findings. The State's cross-appeal is proper in this case because, in an appeal of a criminal case from the county court to the district court, the latter acts as an intermediate court of appeal, and the State has the right to cross-appeal from an erroneous ruling made by the district court in its review. See *State v. Thompson*, 224 Neb. 922, 402 N.W.2d 271 (1987).

The district court went on to find that the other evidence against Turco was sufficient to establish his guilt, and Turco contends that this determination by the district court was erroneous. Additionally, Turco claims that the sentence imposed upon him was excessive.

## IV. DISCUSSION

Although we would ordinarily address a defendant's issues on appeal before addressing issues raised in the State's cross-appeal, in this particular case, it is the more logical approach to address the State's contentions first, then to address Turco's claims.

### 1. ISSUES RAISED IN STATE'S CROSS-APPEAL

#### (a) Motion to Exclude Breath Test Result

The State contends that the district court erred in finding that the trial court should have granted Turco's motion to exclude the breath test result. Prior to trial, Turco filed a motion to exclude the breath test result because he claimed that his statutory right to have an independent test taken had been denied. The State contends that this issue was not properly preserved for appeal because Turco did not object to the introduction of the breath test result at trial.

■ It is well established that the failure to object to evidence at trial, even though the evidence was the subject of a previous motion to suppress, waives the objection, and a party will not be heard to complain of the alleged error on appeal. *State v. Thieszen*, 252 Neb. 208, 560 N.W.2d 800 (1997); *State v. Jensen*, 238 Neb. 801, 472 N.W.2d 423 (1991).

The record reflects that Turco did not object to the breath test evidence at trial, and therefore, he has failed to preserve this issue for appellate review. Consequently, the district court, which also acted as an appellate court, could not properly consider this issue and thus erred in finding that the county court should have excluded the breath test evidence.

### (b) Motion to Hire Expert Witness

The State's second claim in its cross-appeal is that the district court erred in finding that the trial court should have granted Turco's motion to hire an expert witness to testify regarding the accuracy of the Intoxilyzer equipment used and the result obtained.

The Constitutions of the United States and the State of Nebraska guarantee a criminal defendant the rights to due process and a fair trial. U.S. Const. amend. XIV, § 1; Neb. Const. art. I, § 11. Pursuant to the federal Constitution, the U.S. Supreme Court has ruled that an indigent defendant's right to a fair trial includes the right to fees for transcripts and records, *Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956); the right to counsel, *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); and the right to a psychiatric examination, *Ake v. Oklahoma*, 470 U.S. 68, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985). See *State v. Volker*, 477 N.W.2d 909 (Minn. App. 1991).

> The basis for the state's assistance to an indigent defendant is rooted in the belief that: "A criminal trial is fundamentally unfair if the state proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense. . . . [F]undamental fairness entitles indigent defendants to 'an adequate opportunity to present their claims fairly within the adversary system.'"

*Volker*, 477 N.W.2d at 910 (quoting *Ake v. Oklahoma, supra*).

In order to ensure that the right to effective assistance of counsel does not become a hollow right, it is the duty of the State not only to provide an indigent defendant with an attorney, but also to provide the lawyer with the appropriate tools and services necessary to provide a proper, competent, and com-

plete defense. See *State v. Ryan*, 133 N.J. Super. 1, 334 A.2d 402 (1975). Thus, it appears that an indigent defendant being prosecuted for driving while under the influence may, in certain circumstances, be entitled to the appointment of an expert witness at the State's expense.

However, an expert need not be supplied every time a request is made by an indigent defendant, nor must the court provide defense counsel with equipment for a "fishing expedition." See *United States v. Schultz*, 431 F.2d 907 (8th Cir. 1970). There must be some showing by defense counsel that the expert is necessary for an adequate defense. See *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993). In *White*, the Nebraska Supreme Court held that although there may be circumstances under which a district court's denial of a defendant's request for funds to hire an expert would be an abuse of discretion, under the circumstances of that case, where no evidence to support the motion was offered, the district court did not abuse its discretion. This showing may be made by affidavits or other evidence. See *id.*

Additionally, in our determination of the case at bar, we must also keep in mind that our standard of review is as follows: The right of an indigent defendant to the appointment of an expert witness at State expense generally rests in the discretion of the trial court. *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994).

At the hearing on Turco's motion to hire an expert witness, defense counsel argued that an expert was necessary to challenge the accuracy of the Intoxilyzer machine and to testify regarding the Intoxilyzer machine's margin of error and that a proper defense could not be mounted without the expert testimony. The State responded that a defense expert was not necessary because (1) pursuant to Department of Health regulations, the Intoxilyzer machine has to test within a 10-percent error factor; (2) the machine used in this case always tested much less than the 10-percent error factor; (3) the Intoxilyzer machine was properly maintained; (4) there was no substance of any kind or nature that interfered with the proper function of the Intoxilyzer on the date in question; and (5) there was no showing that Turco ingested anything or suffered any physical dis-

abilities that would affect the Intoxilyzer machine or the test result. Furthermore, the State argued, even given a 10-percent error factor, Turco's blood alcohol level would still have registered over the legal limit.

Stated simply, defense counsel gave no indication as to why the requested expert testimony was necessary or how such testimony would likely benefit the defense, or as to why a vigorous cross-examination of the State's witnesses would not achieve the same result. There must be some threshold showing of necessity for expert assistance before a trial court may grant a defendant's request therefor.

In sum, while we conclude that there may be circumstances under which the denial of funds for an expert witness would be an abuse of discretion, we conclude that under the circumstances of this case, where no evidence to support the motion was offered, the county court did not abuse its discretion in denying the motion to hire an expert witness, and the district court's reversal thereof was error.

## 2. Turco's Assigned Errors on Appeal

### (a) Insufficiency of Evidence

Turco's first assignment of error is that the district court erred in its finding that the evidence was sufficient to support his conviction.

In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Cody*, 248 Neb. 683, 539 N.W.2d 18 (1995); *State v. Pierce*, 248 Neb. 536, 537 N.W.2d 323 (1995).

Based upon our review of the record, viewing the properly admitted evidence in the light most favorable to the State, we find that the evidence was sufficient to support Turco's conviction.

## (b) Excessive Sentence

■ Turco's final assignment of error is that the sentence imposed upon him for his conviction of third-offense driving while under the influence, a Class W misdemeanor, was excessive. The use of a presentence investigation before sentencing an offender is required only as to those convicted of felonies. *State v. Cardin*, 194 Neb. 231, 231 N.W.2d 328 (1975). See Neb. Rev. Stat. § 29-2261(1) (Reissue 1995) (requiring presentence investigation when offender has been convicted of felony, unless impractical to do so). The instant case involves a misdemeanor; no presentence investigation was required, none was ordered, and consequently, we have no presentence investigation report to review in this case.

■ A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Earl*, 252 Neb. 127, 560 N.W.2d 491 (1997); *State v. Cook*, 251 Neb. 781, 559 N.W.2d 471 (1997).

A third conviction for a Class W misdemeanor carries a mandatory minimum of 90 days' imprisonment and a $500 fine, and a maximum of 1 year's imprisonment and a $500 fine. See Neb. Rev. Stat. § 28-106 (Reissue 1995). Turco was sentenced to 12 months' imprisonment and ordered to pay a $500 fine. Additionally, his license was revoked/suspended for 15 years, as is statutorily required by § 60-6,196. Since Turco's sentence is within the statutory sentencing range, we do not see an abuse of discretion by the sentencing court.

## V. CONCLUSION

With regard to the State's cross-appeal, we determined that Turco had not properly preserved his motion to exclude the breath test result because he failed to object to the introduction of the breath test result at trial. Furthermore, we determined that the trial court acted within its discretion in denying Turco's motion to hire an expert witness.

With regard to Turco's assigned errors, we determined that the evidence was sufficient to support his conviction and that his sentence was not excessive. Consequently, although we disagree with some of the findings made by the district court, we

affirm the district court's order upholding Turco's conviction and sentence.

AFFIRMED.