STATE OF NEBRASKA, APPELLEE, V.
MELISSA ABBINK, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V.
SHARON MCKEE, APPELLANT.
616 N.W.2d 8

Filed August 11, 2000.    Nos. S-99-186, S-99-187.

V. Gene Summerlin, of Ogborn, Summerlin & Ogborn, P.C., and Krista L. Kester, of Woods & Aitken, L.L.P., for appellants.

Dana W. Roper, Lincoln City Attorney, and Connor L. Reuter for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## FACTUAL BACKGROUND

On February 6, 1998, at approximately 7:05 a.m., Melissa Abbink and Sharon McKee approached the Lincoln, Nebraska, residence of physician Winston Crabb from the north, walking in a southerly direction on the sidewalk adjacent to 24th Street in Lincoln. As Abbink and McKee approached the Crabb residence, they began to yell at Crabb's son, who also resides in the Crabb home, that he should be afraid for his soul and that he should stop killing babies. When Abbink and McKee realized that they were not calling out to Crabb, but to someone else, they acknowledged their mistake; at that time, they were

approximately 50 to 55 feet from the front step of the Crabb residence.

Crabb's son, who was outside on his front step as Abbink and McKee approached, went inside the house and called the Lincoln Police Department. Crabb was upstairs in his house when Abbink and McKee approached. When Crabb first noticed Abbink and McKee, they were standing on the sidewalk, one on either side of the end of his driveway, approximately 1 to 1½ feet from his property line. In an attempt to avoid the disruption caused by Abbink and McKee, Crabb left his house, got into his car, and drove away. Realizing that Abbink and McKee had decided to follow him, Crabb returned to his house. Abbink and McKee followed Crabb back to his residence and parked their car on the street adjacent to Crabb's property. After getting out of their car, Abbink and McKee once again flanked Crabb's driveway and continued to shout at Crabb.

After Crabb returned to his house, he telephoned the Lincoln Police Department. While Crabb and his son were waiting for the police to respond to their calls, Abbink and McKee were standing on the sidewalk between the Crabb property line and the street adjacent thereto. Abbink and McKee again stood approximately 1 to 1½ feet from the Crabb property line, where they remained until the police arrived on the scene.

The police arrived at approximately 7:30 a.m. and observed Abbink and McKee still standing on the sidewalk flanking Crabb's driveway. After the police arrived, Crabb came out to the sidewalk near the area where Abbink and McKee were standing as Abbink and McKee continued to shout at him. The police separated the parties, after which Abbink and McKee were issued citations for disturbing the peace in violation of Lincoln Mun. Code § 9.20.050 (1992); the complaints against Abbink and McKee were subsequently amended to include charges of focused residential picketing in violation of Lincoln Mun. Code § 9.40.090 (1997). Specifically, count II of the amended complaints alleged that Abbink and McKee "intentionally or knowingly engage[d] in focused picketing in that portion of a street which abuts on the property upon which the targeted dwelling is located, or which abuts on property within fifty feet

of the property upon which the targeted dwelling is located, in violation of L.M.C. section 9.40.090."

After arraignment, Abbink and McKee entered pleas of not guilty, and the cases were consolidated for trial. Following a joint bench trial, both Abbink and McKee were acquitted on the respective counts of disturbing the peace, but were convicted of focused residential picketing, and each of them was sentenced to a jail term of 60 days. Abbink and McKee appealed to the district court for Lancaster County, which affirmed both convictions and both sentences. From that order, Abbink and McKee timely appealed to the Nebraska Court of Appeals, and we moved these cases to our docket pursuant to our authority to regulate the caseloads of the appellate courts of this state. Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). Abbink's and McKee's appeals have been consolidated for oral argument and decision in this court.

## ASSIGNMENTS OF ERROR

Abbink and McKee assert, summarized and restated, that (1) there was insufficient evidence to support their convictions of focused picketing in violation of § 9.40.090 and (2) the sentences imposed by the trial judge were excessive.

## STANDARD OF REVIEW

■ A trial court's findings in a criminal case have the effect of a jury verdict, and a conviction in a bench trial will be sustained if the properly admitted trial evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Lara*, 258 Neb. 996, 607 N.W.2d 487 (2000).

■ Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of discretion. See *State v. Burdette*, 259 Neb. 679, 611 N.W.2d 615 (2000).

## ANALYSIS

■ Abbink and McKee first contend that there was insufficient evidence to support their convictions for focused picketing under § 9.40.090. When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evi-

dence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Myers*, 258 Neb. 300, 603 N.W.2d 378 (1999). Regardless of whether the evidence is direct, circumstantial, or a combination thereof, an appellate court, in reviewing a criminal conviction, does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *Id.* Thus, we must determine whether any rational trier of fact could have found that the essential elements of focused picketing had been proved beyond a reasonable doubt.

Our analysis begins with the language of the ordinance under which Abbink and McKee were charged. The focused picketing ordinance provides in pertinent part:

> (a) It shall be unlawful for any person to engage in focused picketing in that portion of any street which abuts on the property upon which the targeted dwelling is located, or which abuts on property within fifty feet (measured from the lot line) of the property upon which the targeted dwelling is located, *except the sidewalk space on the opposite side of the street from the targeted dwelling.*

> (b) For purposes of this section, the following definitions shall apply:

> (1) **Focused picketing** shall mean picketing directed toward a specific person or persons including, but not limited to, marching, congregating, standing, parading, demonstrating, parking, or patrolling by one or more persons, with or without signs.

> (2) **Sidewalk space** shall mean that portion of a street between the curb line and the adjacent property line.

> (3) **Street** shall mean the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

(Emphasis supplied.) (Emphasis in original.) § 9.40.090. Abbink and McKee do not take issue with the trial court's find-

ings that they were intentionally engaged in focused picketing, nor do they question the constitutionality of § 9.40.090. Instead, Abbink and McKee maintain that the evidence was insufficient for the trial court to find that they did so on a "street" as that term is defined by § 9.40.090.

Section 9.40.090(3) provides in relevant part that "[s]treet shall mean the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." Further, § 9.40.090 excepts from prosecution those engaged in focused picketing when that picketing takes place on the sidewalk space, as that term is defined in the ordinance, which is on the opposite side of the street adjacent to the targeted dwelling. Abbink and McKee contend that before they can be convicted under the ordinance, there must be evidence of the boundary lines of the public way on which they were allegedly engaged in focused picketing in order to show that they did so on a street. Neither the record nor the law supports their contention.

The evidence reveals that Abbink and McKee were at the end of Crabb's driveway approximately 1 foot from his property line when Crabb first observed them on the morning of February 6, 1998. While testifying at trial, Crabb sketched a diagram on which he indicated that Abbink and McKee were not on his property, but were on the sidewalk approximately 1 to 1½ feet from his property line. Crabb's diagram and undisputed testimony also show that Abbink and McKee were on the sidewalk space adjacent to Crabb's property line, as that term is defined in the focused picketing ordinance. Because the sidewalk space on which Abbink and McKee were standing was not on the opposite side of the street from Crabb's residence, it is not within the exception contained in § 9.40.090, but, instead, is in an area specifically targeted for protection by the ordinance.

Crabb also testified that he recognized the black car parked on the street in front of his house as McKee's car, based upon his previous contacts with McKee. Crabb explained that when he went downstairs and attempted to leave the premises, Abbink and McKee got into McKee's car and followed him. Crabb's undisputed testimony reveals that while Abbink and McKee followed Crabb, they drove on the same public streets upon which

Crabb was driving, before ultimately returning to 24th Street adjacent to Crabb's property where they parked their car and resumed shouting at Crabb.

In addition to Crabb's testimony, an officer of the Lincoln Police Department who was summoned to the scene testified that upon his arrival, he parked his cruiser on 24th Street adjacent to the Crabb residence. That same officer recalled that Abbink and McKee continued to make comments directed at Crabb as the officer escorted them to his cruiser parked on 24th Street. Abbink and McKee do not dispute that their comments were directed at Crabb, including those made in the presence of the responding officer, nor do they dispute that they had parked their car on 24th Street adjacent to Crabb's property. All of the foregoing notwithstanding, Abbink and McKee maintain that there is no evidence upon which the trial court could have based its conclusions that the focused picketing in which Abbink and McKee were engaged occurred on the street, as that term is defined in the ordinance.

Abbink and McKee contend that because there is no evidence of the actual boundary lines of a way which is publicly maintained and open for vehicular travel, the evidence is insufficient to support their convictions. We disagree. The evidence, viewed in the light most favorable to the prosecution, is sufficient to support the finding that comments made by Abbink and McKee while they were actually on 24th Street, including those that were made in the presence of the responding officer while he was escorting them to the cruisers parked on 24th Street adjacent to Crabb's property and their continued shouting when they got out of their car parked on 24th Street, were made "between the boundary lines" of a street, as that term is defined in the ordinance. Similarly, the evidence that Abbink and McKee parked their car on 24th Street, after which they continued to shout at Crabb, certainly shows that at least a portion of their focused picketing occurred while Abbink and McKee were parked along 24th Street in violation of § 9.40.090. Finally, Crabb's diagram and undisputed testimony placed Abbink and McKee on the sidewalk space adjacent to, but which is not a part of, Crabb's property.

In summary, all of the evidence, viewed in the light most favorable to the prosecution, is sufficient to support the trial

court's determinations that Abbink and McKee engaged in focused picketing and that at least a portion of that picketing occurred on a street, as that term is defined by § 9.40.090. Finding no prejudicial error with reference to the convictions, we conclude that Abbink's and McKee's first assignment of error is without merit.

In their second assignment of error, Abbink and McKee assert that the sentences imposed by the trial court were excessive. Notably, the ordinance under which the county court imposed the respective sentences is not contained anywhere in the record. When considering an assignment of error claiming the imposition of an excessive sentence upon a conviction based on a municipal ordinance, this court has been clear that we will not take judicial notice of the ordinance specifying the penalties for a violation unless the ordinance is made a part of the bill of exceptions or is included in the certified transcript prepared by the clerk of the county court. See *State v. Bush*, 254 Neb. 260, 576 N.W.2d 177 (1998).

It is incumbent upon the appellant to present a record which supports the errors assigned; absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *State v. Price*, 252 Neb. 365, 562 N.W.2d 340 (1997). Because no ordinance which specifies the penalties for a violation is in the record to review, we do not address Abbink's or McKee's excessive sentences assignment of error.

## CONCLUSION

Abbink's and McKee's convictions are supported by sufficient evidence, and because the ordinance under which Abbink and McKee were sentenced is not in the record, we do not address their excessive sentences assignment of error. Therefore, the judgments of the district court affirming the respective convictions and sentences imposed by the county court are affirmed.

AFFIRMED.

HENDRY, C.J., not participating.