STATE OF NEBRASKA, APPELLEE, V.
TROY DUNN, APPELLANT.
705 N.W.2d 246

Filed November 1, 2005. No. A-04-1259.

Jason E. Troia and Jill A. Daley, Senior Certified Law Student, of Gallup & Schaefer, for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Troy Dunn was convicted and sentenced in the county court for Douglas County on charges of assault and battery and disorderly conduct. Dunn's convictions and sentences were affirmed by the district court for Douglas County. On appeal, Dunn alleges that the county court erred in admitting a photograph as evidence, that the evidence adduced at trial was insufficient to support the convictions, that he was denied his statutory right of allocution

prior to being sentenced, and that the sentences imposed were excessive. We find that the county court erred in admitting the photograph as evidence, because there was no testimony presented to authenticate the photograph or to indicate the photograph was an accurate representation of what it was intended to depict. We find the erroneous admission of the photograph to be harmless, because sufficient other evidence was adduced to support Dunn's convictions, including the victim's prior statements to law enforcement. Finally, although the sentences imposed cannot be reviewed for alleged excessiveness because the relevant municipal ordinance governing the sentences is not in the record, we find that the county court effectively denied Dunn his statutory right of allocution when the court denied Dunn the opportunity to contest any incorrect factual grounds for the sentences imposed. Accordingly, we affirm in part the district court's order of affirmance, and in part reverse and remand the matter to the district court with directions to remand to the county court for a new sentencing hearing.

## II. BACKGROUND

On the night of March 26, 2004, an altercation occurred at Dunn's residence between Dunn's wife, Christine Dunn (Christine), and Dunn's ex-wife. As a result, Christine called law enforcement and left the residence. Christine returned to the residence at approximately 4:30 a.m. on March 27, at which time an altercation occurred between Dunn and Christine. Dunn called law enforcement as a result of that altercation. Law enforcement advised Dunn to leave the residence. Dunn later returned to collect some personal belongings, and another altercation occurred between Dunn and Christine, during which altercation Christine's mother called law enforcement.

When law enforcement responded to Dunn's residence for the third time, Christine was in a "hysterical state." Christine reported to law enforcement that Dunn had slammed her head against a wall, kneed her in the chest, and pulled out her hair. Law enforcement observed some bruising to Christine's arm, a "slight knot" on the back of her head, and a patch of hair on the floor. Dunn had already left the residence before law enforcement responded.

On April 19, 2004, Dunn was charged by criminal complaint with assault and battery and disorderly conduct under Omaha municipal ordinances. A bench trial was conducted on June 2. During the bench trial, Christine recanted her reports to law enforcement, alleging that any injuries she sustained on March 26 and 27 occurred as a result of her altercation with Dunn's ex-wife. Christine testified that Dunn only pushed her enough to get past her to leave the residence and that her reports to law enforcement had been false. After the bench trial, the county court found Dunn guilty of both charges. The county court sentenced Dunn to 100 days in jail for each conviction, with the sentences to be served concurrently. Dunn appealed to the district court, which affirmed the convictions and sentences on October 21. This appeal followed.

## III. ASSIGNMENTS OF ERROR

Dunn has assigned four errors on appeal. First, Dunn asserts that the county court erred in receiving into evidence a photograph of Christine's arm. Second, Dunn asserts that the county court erred in finding sufficient evidence to support convictions on the charges. Third, Dunn asserts that the county court denied Dunn his statutory right of allocution prior to the pronouncement of his sentences. Fourth, Dunn asserts that the county court imposed excessive sentences.

## IV. ANALYSIS

### 1. RECEIPT OF PHOTOGRAPH

Dunn first asserts that the county court erred in receiving into evidence a photograph of Christine's arm. Dunn asserts that there was insufficient foundation for admission of the photograph, because the testimony at the bench trial indicated the photograph was not an accurate representation of what it was intended to depict. We conclude that the testimony adduced by the State concerning the photograph demonstrates both that the photograph was not authenticated and that it was not an accurate representation of what it was intended to depict. As such, we agree that the county court erred in receiving the photograph into evidence.

The general rule in Nebraska concerning the admissibility of photographs as evidence is that a photograph is admissible in evidence if the subject matter or contents are depicted truly and accurately at a time pertinent to the inquiry and the photograph has probative value as relevant evidence. *State v. Merrill,* 252 Neb. 736, 566 N.W.2d 742 (1997); *State v. Garza,* 241 Neb. 256, 487 N.W.2d 551 (1992); *State v. Butler,* 10 Neb. App. 537, 634 N.W.2d 46 (2001). " 'The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.' " *State v. Garza,* 241 Neb. at 261, 487 N.W.2d at 555-56, quoting Neb. Evid. R. 901(1). Admission or exclusion of photographs as evidence is within the discretion of a trial court, whose evidential ruling on the photographs will be upheld on appeal unless the trial court abused its discretion. *Id.*

In this case, the initial requirement of authentication was not clearly satisfied. The State introduced the photograph through the testimony of one of the law enforcement officers who responded to the third call to Dunn's residence. The officer was asked if he took the picture and responded, "No, I didn't." The officer was further asked if the picture "accurately reflect[s] again how [Christine's] arm looked on the day in question." The officer responded, "No, it doesn't. It's kind of blurry." The officer acknowledged that the photograph was a picture of Christine's arm on the day in question. The State's questioning of the officer indicated that the photograph was "an attempt on [law enforcement's] part to photograph the injuries" Christine had sustained. The officer's testimony, however, indicates that he did not take the photograph and that it did not accurately reflect how Christine's arm actually looked.

In addition, the photograph lacked relevance. One of the components to relevant evidence is probative value, which involves a measurement of the degree to which the evidence persuades the trier of fact that the particular fact exists and the distance of the particular fact from the ultimate issues of the case. See *State v. Merrill, supra.* In this case, the photograph lacked relevance because it has no probative value. A review of the photograph reveals a blurry photograph of what appears to be a

woman's arm. However, it is not apparent from the photograph whose arm is depicted, and the photograph is so blurry that no alleged bruising is even visible on the arm. In addition, in light of the law enforcement officer's testimony concerning the photograph, it is not an accurate depiction of what Christine's arm looked like. As such, the photograph is not persuasive that Christine suffered bruising as a result of Dunn's conduct. As a result, we conclude that the county court abused its discretion in receiving the photograph into evidence.

██ Although we conclude that the photograph was erroneously admitted, we find the error to be harmless. Erroneous admission of evidence is harmless error and does not require reversal if the evidence erroneously admitted is cumulative and other relevant evidence, properly admitted, or admitted without objection, supports the finding by the trier of fact. *State v. Twohig*, 238 Neb. 92, 469 N.W.2d 344 (1991). Harmless error exists in a bench trial of a criminal case when there is some incorrect conduct by the trial court which, on review of the entire record, did not materially influence the court in a judgment adverse to a substantial right of the defendant. *Id*. A review of the photograph makes it apparent that the photograph could not have materially influenced the court to conclude that Dunn had assaulted or battered Christine, inasmuch as the photograph does not actually demonstrate any injury to Christine. In light of our discussion below concerning the other evidence which supports the county court's finding that Dunn was guilty of the charges, the erroneous admission of the photograph was harmless error.

## 2. SUFFICIENCY OF EVIDENCE

Dunn next asserts that the evidence adduced at trial was insufficient to sustain his convictions on the charges. The State argues that Dunn failed to include in the appellate record the municipal ordinances under which he was convicted and that we are therefore precluded from reviewing the sufficiency of the evidence. Because we find that Dunn was charged in a long-form complaint containing substantive allegations, we review the sufficiency of the evidence to support the allegations of the complaint. In so doing, we conclude that there was sufficient

evidence, including Christine's statements to law enforcement, to sustain Dunn's convictions.

 A conviction in a bench trial of a criminal case is sustained if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. In making this determination, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. *State v. Keup*, 265 Neb. 96, 655 N.W.2d 25 (2003). See, also, *State v. Delgado*, 269 Neb. 141, 690 N.W.2d 787 (2005); *State v. Van*, 268 Neb. 814, 688 N.W.2d 600 (2004). When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

 The first issue that must be addressed concerning our review of the sufficiency of the evidence to sustain Dunn's convictions is Dunn's failure to include in the appellate record the applicable municipal ordinances. In *State v. Bush*, 254 Neb. 260, 576 N.W.2d 177 (1998), the Nebraska Supreme Court clarified the "ordinance rule" originally articulated in *Steiner v. State*, 78 Neb. 147, 150, 110 N.W. 723, 724 (1907), where the court had stated:

> [An appellate] court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record.

The ordinance rule places responsibility upon an appellant to include the ordinance in the record which is transmitted to the appellate court. *State v. Bush, supra.* In *State v. Bush*, the court clarified that this responsibility can be met by a praecipe requesting that a copy of the ordinance be included in the transcript prepared by the clerk of the county court when a notice of appeal is filed.

In the present case, Dunn was convicted under Omaha municipal ordinances. Dunn has not presented the ordinances either in the bill of exceptions or in the transcript. Despite a motion for summary affirmance previously filed by the State specifically alleging Dunn's failure to satisfy the ordinance rule, Dunn took no steps to file a supplemental bill of exceptions or supplemental transcript to include the ordinances. As such, Dunn has failed to satisfy the ordinance rule.

Although Dunn failed to satisfy the ordinance rule, we note that the transcript in this case includes a long-form criminal complaint containing substantive allegations against Dunn. In *State v. Hill*, 254 Neb. 460, 577 N.W.2d 259 (1998), the Nebraska Supreme Court held that in such circumstances, an appellate court assumes that the material allegations in the complaint reflect the substantive content of the ordinance which the defendant was charged with violating and reviews the evidence to determine its sufficiency to prove the matters alleged beyond a reasonable doubt. Because the transcript includes such a long-form complaint, we review the evidence to determine its sufficiency to prove Dunn's violation of the allegations of the complaint.

The evidence adduced at trial indicated that when responding to Dunn's residence for the third time on March 26 and 27, 2004, law enforcement observed Christine with noticeable injuries. Christine told law enforcement that Dunn had slammed her head against a wall, kneed her in the chest, and pulled her hair out. Law enforcement observed a bump on Christine's head, some bruising on her arms, and a clump of hair on the floor. The evidence adduced at trial further indicates that on March 29, Christine signed an affidavit seeking a protection order in which she alleged that Dunn had assaulted her "by kicking, hitting and pulling [her] hair." Although Christine recanted these allegations at trial and testified that she had lied both to law enforcement and in the affidavit, the question of her credibility is not to be reassessed on appeal. As such, we find that the evidence adduced at trial was sufficient for the court to find Dunn guilty of assault and battery and disorderly conduct under the allegations in the complaint. This assigned error is without merit.

### 3. DENIAL OF ALLOCUTION

Dunn next asserts that he was denied his statutory right of allocution. Dunn asserts that although the county court asked him if he had any reason why sentences should not be imposed, the court did not give him an opportunity to say anything concerning sentencing. The State asserts that Dunn was afforded a sufficient opportunity to offer comments. Based on our review of the record, we conclude that Dunn was effectively denied the opportunity for meaningful allocution prior to the county court's imposition of sentences.

Neb. Rev. Stat. § 29-2201 (Reissue 1995) provides that "[b]efore the sentence is pronounced, the defendant must be informed by the court of the verdict . . . and asked whether he has anything to say why judgment should not be passed against him." The Nebraska Supreme Court discussed this provision, in dicta, in *State v. Barker*, 231 Neb. 430, 436 N.W.2d 520 (1989). The court noted that " 'the most practical rationale underlying allocution is that it provides an opportunity for the offender and defense counsel to contest any disputed factual basis for the sentence . . . .' " *Id.* at 436, 436 N.W.2d at 524, quoting Arthur W. Campbell, Law of Sentencing § 72 (1978). Accord *State v. Dethlefs*, 239 Neb. 943, 479 N.W.2d 780 (1992). The court suggested that "[a] convicted defendant must be afforded more than a mere opportunity to express an attitude, disposition, or view toward a prospective sentence" and "must be afforded a forum and the right to question the constitutional propriety of the information utilized by the sentencing judge, to present countervailing information, and to test, question, or refute the relevance of information" relied on by the sentencing judge. *State v. Barker*, 231 Neb. at 436, 436 N.W.2d at 524.

Neb. Rev. Stat. § 29-2260 (Reissue 1995) provides a number of factors to be considered whenever a court "considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required." Section 29-2260 specifies a number of factors which, "while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment." Those factors include the offender's lack of criminal history, the offender's unlikelihood to commit another

crime, the offender's likelihood of responding affirmatively to probationary treatment, and the possible excessive hardship to the offender or his dependents entailed by imprisonment.

In the present case, the following colloquy is the entirety of the trial court's conversation with Dunn prior to imposing sentences:

> THE COURT: Mr. Dunn, I'm finding you guilty as charged on both counts. Any reason I shouldn't pass sentence today or is there anything that you or your attorney would like to say with regard to sentencing?
>
> [Defense counsel]: We'll ask that you do a presentence investigation on us.
>
> THE COURT: Well let me just tell you something, [counsel], I take this job pretty seriously and when people come in here and tell me stories, I don't really care for it. When I have people raise their hands and swear to tell the truth I expect them to tell the truth. [Christine] came in here and told me a story today. Everything was pretty consistent except for the fact of what [Dunn] did in this particular case. She tells me, as [counsel for the State] just spoken [sic] at closing remarks, that this altercation occurred on March 27th and on March 28th they are back together again and everything was h[u]nky-dory. Unfortunately, on March 29th she went into the district court, filed a petition, which is sworn to under oath. Let me just tell you what she said. She said, "I tossed a candy dish at the T.V. and knocked the stereo off the table. That's when he assaulted me by kicking, hitting and pulling my hair. I was yelling you going to kill me." "He continued to beat me. I pretended to pass out hoping that he would stop, but he continued to kick and hit me as his 9-year-old son watched." Now, when do you want me to believe that this particular witness that was called today was telling the truth?
>
> [Defense counsel]: That's —
>
> THE COURT: She told the police that statement on the 27th and she told the district court that on the 29th and today she comes in and tells me a totally different story.
>
> [Defense counsel]: Her story —
>
> THE COURT: I don't buy it.

[Defense counsel]: — Her story she told the police was entirely different than the one you just read out loud.

THE COURT: The sentence will be 100 days in the Douglas County Correctional Center on each count. Time will run concurrent.

The court was certainly entitled to decline Dunn's request for a presentence investigation report because this case involves a misdemeanor. See, Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2004); *State v. Turco*, 6 Neb. App. 725, 576 N.W.2d 847 (1998) (no presentence investigation report required in cases involving misdemeanor). However, the lack of such a report makes allocution all the more important as the defendant's only opportunity to present information to the court concerning the sentencing factors set forth above, which factors the court is obligated to consider. In the present case, the county court did not afford Dunn any opportunity either to challenge the factual basis of the sentences, which basis appeared to be the court's conclusion that Christine's statement was consistent at all times prior to trial even though the record suggests that Christine's statement contained some inconsistencies at each stage of the proceedings, or to present further information about Dunn's criminal history or lack thereof and his amenability to probation.

Our review of the record leads us to conclude that although the trial court literally complied with the requirement of § 29-2201 that the court ask Dunn if he had anything to say why judgment should not be passed against him, the court did not offer Dunn any meaningful opportunity to respond. The record reveals, in fact, that attempts to interject disagreement with the court about the consistency of Christine's prior statements were precluded by the court. As such, we conclude that Dunn was effectively denied his statutory right of allocution. Accordingly, we reverse the district court's affirmance of the sentences and remand the matter to the district court with directions to remand to the county court for a new sentencing hearing to be conducted by a different county court judge. See, *State v. Rice*, 269 Neb. 717, 695 N.W.2d 418 (2005); *State v. Fields*, 268 Neb. 850, 688 N.W.2d 878 (2004); *State v. Bruna*, 12 Neb. App. 798, 686 N.W.2d 590 (2004).

## 4. Excessive Sentences

Dunn's final assertion is that the sentences imposed by the county court are excessive. We need not discuss this assignment of error in light of our resolution above of Dunn's assertion concerning the trial court's denial of his right of allocution. We note, however, that the record presented on appeal does not contain any municipal ordinance governing the sentences for these convictions and that we would be unable to address the error on the present record. See *State v. Abbink*, 260 Neb. 211, 616 N.W.2d 8 (2000).

## V. CONCLUSION

Although we find that the county court erred in admitting a photograph as evidence, we find such error harmless and conclude that there was sufficient evidence to support Dunn's convictions for assault and battery and disorderly conduct. We find that the county court effectively denied Dunn his statutory right of allocution, and we therefore reverse the district court's affirmance of the sentences and remand the matter with directions to remand to the county court for a new sentencing hearing before a different county court judge.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.